IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 OCT 13  AM 8: 13

CLERK _____
SO. DIST. OF GA.

DENNIS GREEN,                       )
                                    )
            Petitioner,             )
                                    )
    v.                              )      CV 305-113
                                    )
STEPHEN BENTON, Warden,             )
                                    )
            Respondent.             )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition

is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section

2254 Cases.[1]  For the reasons set forth below, the Court **FINDS** that the petition is time-

barred by the applicable one-year statute of limitations.  Accordingly, the Court **REPORTS**

and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

### I. BACKGROUND

On March 19, 2001, a grand jury in Johnson County, Georgia, returned an indictment

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the
> court's assignment procedure, and the judge must promptly examine it.  If it
> plainly appears from the petition and any attached exhibits that the petitioner
> is not entitled to relief in the district court, the judge must dismiss the petition
> and direct the clerk to notify the petitioner.  If the petition is not dismissed,
> the judge must order the respondent to file an answer, motion, or other
> response within a fixed time, or to take other action the judge may order.

charging Petitioner with aggravated sexual battery and child molestation. (Doc. no. 1-3, p. 10). Petitioner pled guilty to both charges in the Superior Court of Johnson County, and was initially convicted and sentenced on September 17, 2001. (Doc. no. 1-1, pp. 3-4; doc. no. 1-3, p. 18; doc. no. 1-2, pp. 24-25; doc. no. 1-7, p. 2). However, because Petitioner's counsel withdrew from the case because of a conflict, the trial court entered only a non-final disposition, and scheduled a new sentencing hearing to be conducted with new defense counsel. (Doc. no. 1-2, pp. 24-25). On March 4, 2002, after a new hearing, the trial court issued its final disposition and sentenced Petitioner to two consecutive terms of twenty (20) years of imprisonment. (Doc. no. 1-3, p. 19; doc. no. 1-4, pp. 8-10). Petitioner did not pursue any direct appeal. (Doc. no. 1-1, p. 3).

However, Petitioner, through counsel, did file a petition for a writ of habeas corpus in the Superior Court of Bibb County on July 2, 2003. (Doc. no. 1-1, pp. 3, 5). On November 12, 2003, the state habeas court conducted a hearing, and subsequently entered an order denying the petition on April 30, 2004. (Doc. no. 1-1, p. 4; doc. no. 1-6, p. 4; doc. no. 1-7, p. 6). Petitioner filed a *pro se* notice of appeal and an application for certificate of probable cause to appeal to the Georgia Supreme Court on May 20, 2004. (Doc. no. 1-2, p. 6; doc. no. 1-7, pp.7-18, 21). On January 11, 2005, the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal. (Doc. no. 1-2, p. 6; doc. no. 1-7, p. 19).

Petitioner then signed and executed the instant federal petition for writ of habeas corpus on July 12, 2005. (Doc. no. 1-1, p. 9). Therein, Petitioner argues that his plea was not entered knowingly and voluntarily, and that he received ineffective assistance of counsel.

2

(Doc. no. 1-1, pp. 7, 20, 23; doc. no. 1-2, p. 1). The Court resolves the matter as follows.

## II. DISCUSSION

### A.    Section 2254 Petitions are Governed by a One-Year Statute of Limitations.

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28

U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### 1.    Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion

of direct review or the expiration of the time for seeking such review." Thus, because

Petitioner did not file an appeal, his conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence was rendered on March 4, 2002, his convictions became final on or about April 3, 2002. It is at this point that Petitioner's one-year statute of limitations began to run. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, the key issue is whether Petitioner filed his current federal petition within one year of April 3, 2002. He did not.

### 2.    **Application of the Statute of Limitations**

Of course, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition on or about July 2, 2003, the one-year statute of limitations for filing a federal petition had already expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.")(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Simply put, the instant petition is time-barred, absent some other basis for tolling the

4

statutory period or delaying the start of Petitioner's AEDPA clock.

The AEDPA does outline three situations which may delay or reset the one-year statute of limitations clock:  where there is a newly discovered factual predicate for a petitioner's claim, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B)-(D)(quoted *supra*).  However, Petitioner has not provided the Court with any reason to suppose that any of these situations exists in this case.

Finally, even though the dates of Petitioner's conviction and state collateral relief proceedings establish that the current federal petition is untimely, the Court is aware that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) *(per curiam)* (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd,* 125 S. Ct. 1571 (U.S. 2005).  Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) *(per curiam),* *cert. denied,* 538 U.S. 947 (2003).

Here, Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" threshold described above.  Thus, the Court concludes that

there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[2]

**B.    The Instant Petition is Time-Barred.**

Simply put, Petitioner's convictions became final on or about April 3, 2002, and he made no attempt to seek post-conviction relief until July 2, 2003, by which time the statute of limitations had run. Petitioner has outlined no basis upon which to conclude either than his AEDPA clock began to run on some date other than that upon which his conviction became final, or that the statutory period should be tolled. In sum, the instant petition is untimely and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of October, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Nor has Petitioner made a claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).