UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| DENNIS GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV 305-113 |
| ) | |
| STEPHEN BENTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Petitioner, a state prisoner confined in Central State Prison in Macon, Georgia, filed the instant petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 and paid the filing fee on July 29, 2005. The Petitioner endeavors to attack his conviction and sentence entered by the Superior Court of Johnson County. He argues that he received ineffective assistance of counsel and that his plea was not entered knowingly and voluntarily. Because Petitioner has stated facts which arguably indicate he could not have known through due diligence of the factual predicate of his claim until a time well after his sentencing hearing, the Court finds that Petitioner's ineffective assistance of counsel claim is timely under 28 U.S.C. §2244(d)(1)(D). As to Petitioner's claim that his guilty plea was not entered knowingly and voluntarily, the Court finds that Petitioner's claim is barred under 28 U.S.C. §2244(d)(1)(A).

## I. BACKGROUND

Petitioner pled guilty to charges of sexual battery and child molestation in the Superior Court of Johnson County. He was initially convicted and sentenced on September 17, 2001. However, Petitioner's counsel withdrew from the case due to a conflict, so the trial court entered only a non-final disposition and scheduled a new sentencing hearing to be conducted with new defense counsel. On March 4, 2002, after a new hearing, the trial court issued its final disposition and sentenced Petitioner to two consecutive terms of twenty (20) years of imprisonment. Petitioner did not pursue any direct appeal.

Petitioner filed a state habeas corpus petition on July 2, 2003, which was denied on April 30, 2004 because it was filed after the time limit for filing had passed. Petitioner filed a notice of appeal and an application for a certificate of probable cause to appeal to the Georgia Supreme Court on May 20, 2004. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause for appeal on January 11, 2005. Petitioner filed the current federal action on July 12, 2005.

## II. STANDARD

The issue before the Court is whether Petitioner's Section 2254 petition should be summarily dismissed under Rule 4 because it is barred by the statute of limitations under 28 U.S.C. § 2244 (d). The Court engages in de novo review of questions of law presented in Section 2254 petitions. Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000) (explaining that the district

court's interpretation and application of a statute of limitations is a question of law).

The Court adopts the Magistrate's Report and Recommendation in part, discussing the statute of limitations under 28 U.S.C. § 2244 (d)(1)(A). This provision provides a one-year statute of limitations for Petitioners to file federal habeas petitions. Petitioner's sentencing occurred on March 4, 2002, and the decision became final 30 days later when the time to file an appeal under O.C.G.A. § 5-6-38(a) expired. The one-year statute of limitations began to run at this time. No habeas petitions were filed during that one-year period, so Petitioner would be time barred from filing a federal habeas appeal as of April 4, 2003 under AEDPA, 28 U.S.C. § 2244 (d)(1)(A). However, 28 U.S.C. § 2244 (d)(1)(D) also provides an alternative date of "final judgment" from which to calculate the one-year statute of limitations. It provides that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244 (d)(1)(D).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Facts Alleged

Petitioner alleges that his relatives hired an attorney to represent Petitioner for his state habeas corpus proceedings. Petitioner states that he first learned of his trial counsel's ineffectiveness when his habeas corpus attorney took the deposition of his trial counsel and sent Petitioner a copy of the transcript on April 16, 2004. After reading the transcript, Petitioner

learned that his trial counsel never investigated the case or interviewed any witnesses. Rather, his trial counsel relied on the prosecution's investigatory materials. Petitioner alleges that his trial counsel advised him to plead guilty and further advised him that he would not face more than 10 years of imprisonment. If, as Petitioner argues, April 16, 2004 is taken as the date of "final judgment," then Petitioner has filed the instant action before his one-year statute of limitations expired because the statute of limitations was tolled while his appeal to the Georgia Supreme Court was pending.

### B. Analysis

An analysis under § 2244(d)(1)(D) requires the court to determine the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence. The important date under § 2244(d)(1)(D) is not when the prisoner first discovers the new evidence, but when he could have learned of the evidence through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Courts are given a fair amount of discretion in determining when petitioners could have learned of the factual predicate. For example, one recent Eleventh Circuit decision found that the prisoner could have discovered facts of ineffective assistance of counsel in 1995 after his 1991 conviction. Fordham v. Crosby, 2005 WL 927371, at 5 (N.D.Fla., 2005).

A factually similar case in the Fifth Circuit is persuasive, but not dispositive, that Petitioner's motion is barred by the statute of limitations. In Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir.1998), the prisoner was convicted in January 1989 for aggravated possession of

more than 400 grams of cocaine. Flanagan's conviction became final on February 19, 1991. He filed one state habeas petition which was denied on May 12, 1993. Flanagan filed his federal habeas petition on April 24, 1997. In his habeas, Flanagan claimed that his conviction was improper because he was called to testify on his own behalf without being informed of his constitutional right not to testify. Flanagan claimed that he could not file a timely habeas until he located his former trial attorney, took his deposition, and realized he had a habeas claim. The Court held that Flanagan's habeas was barred by AEDPA's statute of limitations, and his untimeliness was not excused because Flanagan knew of the factual basis for his habeas claim within the statute of limitations. The court stated that Flanagan confused "his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." Id. at 199. The Fifth Circuit concluded that he was aware of the factual predicate of his claim–"the fact that he was called to testify and did not know he had the right to refuse"–within the statute of limitations. The fact that Flanagan waited until after the statute of limitations expired to collect evidence through deposition of his trial counsel, did not excuse his untimeliness. Id. at 199. The Court held that Flanagan discovered the factual predicate for his claims by November 1992 when he executed an affidavit showing that he was called to testify and did not know he had the right to refuse.

The Flanagan case is distinguishable from the current case. In Flanagan, the court showed when Flanagan knew of the factual predicate for his claim, yet Flanagan still waited an additional four years to file his federal habeas corpus petition. Comparatively, Petitioner's case

is considerably more recent; thus there is an argument for due diligence. In this case, Petitioner was sentenced on March 4, 2002. He pursued a state habeas petition on July 2, 2003 and stated that he learned of trial counsel's ineffectiveness on April 16, 2004. Due diligence is not a bright-line test, and courts are given considerable discretion. Therefore it is conceivable that this time was within the one-year period after the factual predicate of the claim could have been discovered through due diligence.

There are three dates that petitioner arguably could have "discovered" the facts that his attorney was ineffective and his plea was not entered knowingly or voluntarily. First, at and before his sentencing hearing Petitioner alleges that his counsel had told him that he would not be sentenced to more than 10 years imprisonment, when he was actually sentenced to 20 years for each count, to run consecutively. Petitioner also alleges that his counsel did not investigate the case and pressured Petitioner to plead guilty when Petitioner wanted to go to trial. Although these facts may have alerted Petitioner, he has also made a showing that he arguably could not have "discovered" the fact that his attorney was ineffective until September 19, 2003.

The second date that Petitioner arguably could have "discovered" the fact that his attorney was ineffective was September 19, 2003, when Petitioner's trial counsel was deposed for Petitioner's state habeas petition. Petitioner alleges that in the deposition, his trial counsel Attorney Thalgott, stated that he had not interviewed the victim because the family would not allow it. Thalgott also stated that he had advised Petitioner to plead guilty because recent information from the prosecution showed that the prosecution intended to submit records of similar

acts, both past and recent counts. Thalgott stated that he met with Petitioner a few times and spoke with him on the phone. He also stated that he met with Petitioner twice over sentencing because Petitioner did not appear to want to plead guilty. If this date was the earliest that Petitioner could have discovered the facts of his claim, then Petitioner has filed his present habeas corpus within the statute of limitations.

The third date that Petitioner arguably could have "discovered" the fact that his attorney was ineffective was when Petitioner actually received the transcript of Thalgott's deposition. This last date is when Petitioner argues he could have discovered the facts through due diligence. While these dates show Petitioner had actual knowledge of his claims by these dates, this is not the standard. The important date under § 2244(d)(1)(D) is not when the prisoner first discovers the new evidence, but when he could have learned of the evidence through the exercise of due diligence. Petitioner could have discovered his claim earlier than when he received the transcript–either at the sentencing hearing or at the deposition of Attorney Thalgott.

Under the limited issue before the Court, the Court finds that Petitioner has stated facts sufficient to overcome summary dismissal under Rule 4. Petitioner has stated facts which arguably indicate he could not have known through due diligence of the factual predicate of his claims until a time well after his sentencing hearing. At this early junction of the case, the Court will not deny Petitioner access to the Court. Therefore, the Court finds that Petitioner's claim for ineffective assistance of counsel through a Section 2254 petition is timely under 28 U.S.C. § 2244 (d)(1)(D).

Accordingly, the Court **ADOPTS** the Magistrate's Report and Recommendation **in part**, discussing the statute of limitations under 28 U.S.C. § 2244 (d)(1)(A). However, the Court **VACATES** the **result** of the Magistrate's Report and Recommendation and finds that Petitioner's claim for ineffective assistance of counsel is timely under 28 U.S.C. § 2244 (d)(1)(D).

## IV. GUILTY PLEA

Petitioner alleges that trial counsel did not advise him of his right to withdraw his guilty plea. Unlike Petitioner's claims for ineffective assistance of counsel, Petitioner has alleged no facts which would allow him to extend the statute of limitations beyond one year, under § 2244(d)(1)(D). Rather, Petitioner's sentencing transcripts show that Petitioner was asked the standard questions to determine if he pled guilty knowingly and voluntarily. The record showed that Petitioner had been educated through the 12th grade, and he had previously been placed on probation for similar acts. These facts weigh against the conclusion that the plea was not entered knowingly and voluntarily, and it was at this time that Petitioner could have learned of the evidence through the exercise of due diligence. Therefore, the Court finds that Petitioner's claim that his plea was entered unknowingly or involuntarily is barred as untimely under 28 U.S.C. § 2244 (d)(1)(A).

## CONCLUSION

Because Petitioner has stated facts which arguably indicate he could not have known

through due diligence of the factual predicate of his claim until a time well after his sentencing hearing, the Court finds that Petitioner's ineffective assistance of counsel claim is timely under 28 U.S.C. §2244(d)(1)(D). As to Petitioner's claim that his guilty plea was not entered knowingly and voluntarily, the Court finds that Petitioner's claim is barred under 28 U.S.C. §2244(d)(1)(A).

The Clerk is **HEREBY DIRECTED** to forward to the Marshal sufficient copies of this Order and the petition for service upon the Attorney General of the State of Georgia and Respondent by certified mail. The Marshal's return shall constitute prima facie evidence of service of process.

Respondent is therefore **ORDERED**, within sixty (60) days after service of this Order, to file a response and to show cause why the relief sought should not be granted. The answer shall conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent shall furnish with the answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings and orders of the state court denying the writ, and, if the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's brief on appeal and of the opinion of the appellate court, if any.

All of the submitted transcripts shall be certified. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the respondent shall move for a petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

Petitioner and respondent shall submit to the Court their respective briefs of law within the aforementioned sixty (60) day period. The briefs of law shall be no longer than twenty-five (25) typewritten pages, double-spaced on letter-sized paper. Petitioner and respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, 28 U.S.C. § 2254 (1977). Unless and until petitioner demonstrates to this Court that the state habeas court's fact finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

After the filing of the answer and the motion to dismiss, the Court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

**SO ORDERED.**

                                                                             _____
                                                                             JOHN F. NANGLE
                                                                             UNITED STATES DISTRICT JUDGE

Date: March _13_, 2006