ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 OCT 26 P 12: 58

CLERK J. Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DENNIS GREEN, )
 )
    Petitioner, )
 )
    v. ) CV 305-113
 )
STEPHEN BENTON, Warden, )
 )
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 10). Petitioner opposes the motion. (Doc. no. 13). For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that this civil action be **CLOSED**, and that a final judgement be **ENTERED** in favor of Respondent.

### I. BACKGROUND

**A.**    **Procedural History**

On March 19, 2001, a grand jury in Johnson County, Georgia, returned an indictment charging Petitioner with aggravated sexual battery and child molestation. (Doc. no. 15, Attach. 1, p. 52). Petitioner pled guilty to both charges in the Superior Court of Johnson County, and was initially convicted and sentenced on September 17, 2001. (Id. at 24-40). However, because Petitioner's counsel withdrew from the case because of a conflict, the trial

court entered only a non-final disposition and scheduled a new sentencing hearing to be conducted with new defense counsel. (Id.). On March 4, 2002, after a new hearing, the trial court issued its final disposition and sentenced Petitioner to two consecutive terms of twenty (20) years of imprisonment. (Doc. no. 15, Attach. 2, pp. 65-75). Petitioner did not pursue any direct appeal. (Doc. no. 1, Attach. 1, p. 4).

Petitioner did file a petition for a writ of habeas corpus in the Superior Court of Bibb County on July 2, 2003. (Doc. no. 15, Attach. 1, pp. 5-7). On November 12, 2003, the state habeas court conducted a hearing and subsequently entered an order denying the petition on April 30, 2004. (Doc. no. 15, Attach. 2, pp. 19-42; doc. no. 15, Attach. 3, pp. 39-47). Petitioner filed a notice of appeal and an application for a certificate of probable cause to appeal to the Georgia Supreme Court on May 20, 2004. (Doc. no. 1, Attach. 2, p. 6; doc. no. 1, Attach. 7, pp. 7-18, 21). On January 11, 2005, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. (Doc. no. 15, Attach. 3, p. 48).

Petitioner signed and executed the instant federal petition for a writ of habeas corpus on July 12, 2005. (Doc. no. 1, Attach. 1, p. 9). Therein, Petitioner argued that his plea was not entered knowingly and voluntarily and that he received ineffective assistance of counsel. (Id. at 7, 20, 23; doc. no. 1, Attach. 2, p. 1). On March 13, 2006, the Honorable John F. Nangle, United State District Judge, adopted, in part, the Report and Recommendation of this Court which was issued on October 13, 2005. (Doc. no. 6). Petitioner's claim that his plea was not entered knowingly and voluntarily was dismissed as untimely; however, his claim for ineffective assistance of counsel was held to be *arguably* timely pursuant to 28 U.S.C.

§ 2244(d)(1)(D)'s "due diligence" provision. (Id. at 1, 7) (emphasis added).

Petitioner claims he was denied effective assistance of counsel because 1) counsel failed to review evidence of similar transactions the state was seeking to have admitted at trial; 2) counsel failed to interview witnesses or request a hearing under the child hearsay statute; 3) counsel improperly claimed to have a conflict when he withdrew; and 4) counsel advised that Petitioner would not get over ten (10) years of imprisonment. (Doc. no. 1, Attach. 1, p. 7).

**B.     Facts Relevant to the Tolling Inquiry**

After Petitioner filed his state habeas petition, Petitioner's relatives hired an attorney to represent him in the habeas proceeding. (Doc. no. 1, Attach. 1, p. 17; doc no. 15, Attach. 1, pp. 5-21). Petitioner's habeas corpus attorney took the deposition of his trial counsel on September 19, 2003. (Doc. no. 1, Attach. 4, p. 13). Petitioner claims that he did not learn of his trial counsel's ineffectiveness until April 16, 2004, after his habeas corpus attorney mailed him a copy of the deposition transcript. (Doc. no. 1, Attach. 1, p. 17).

## II. DISCUSSION

**A.     Section 2254's One-Year Statute of Limitations**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, because Petitioner did not file an appeal, his conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence was rendered on March 4, 2002, his convictions became final on or about April 3, 2002. It is at this point that Petitioner's one-year statute of limitations began to run. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

According to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in

4

state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). However, by the time Petitioner filed his state habeas petition on or about July 2, 2003, the one-year statute of limitations for filing a federal petition had already expired. This statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period for filing a federal habeas petition had expired, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.")(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). This provision would only apply if Petitioner could establish a "reinitation" of § 2244(d)'s limitation period such that the filing of his state habeas petition occurred within the one-year time period for filing a federal habeas petition. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

The AEDPA describes three situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier though the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1) (quoted *supra*). Here, only one of these possibilities for statutorily extending Petitioner's federal filing deadline is arguably applicable. He claims that his ineffective assistance claims arise from a newly discovered factual predicate which could not have been discovered at an earlier date though the exercise of due diligence. (See doc. no. 1, Attach. 1, p. 17). If established, this

5

provision would act to reinitiate § 2244(d)'s limitation period on the proven date, such that the limitations period would not run from the April 3, 2002, date Petitioner's conviction became final.[1]

## B. Applying § 2244(d)(1)(D) to the Relevant Facts

Section 2244(d)(1)(D) requires the Court to determine the date on which the factual predicate of Petitioner's claims could have been discovered through the exercise of due diligence. The critical determination is the date on which the factual predicate *could have been* discovered, not the date it was actually discovered. See 28 U.S.C. § 2244(d)(1)(D) (emphasis added). The discovery of a factual predicate for the claims is all that is necessary, not the discovery of a legal basis or all evidence supporting the claims. Hereford v. McCaughtry, 101 F. Supp.2d 742, 745 (E.D. Wis. 2000). Section 2244(d)(1)(D) does not apply to those who sleep on their rights, only those who could not discover the factual predicate for their claims through the exercise of due diligence. Fisher v. Johnson, 174 F.3d 710, 715, n.14 (5th Cir. 1999).

Petitioner bears the burden of persuading the Court that he exercised due diligence in searching for the factual predicate of the habeas claims. Stokes v. Leonard, 36 Fed. Appx. 801, 804 (6th Cir. 2002). A petition that "merely alleges that the applicant did not actually

---

[1] Applying the AEDPA limitation framework described above, § 2244(d)'s limitation period would have to be delayed 237 days, approximately nine months, after the April 3, 2002, date Petitioner's conviction became final for the ineffective assistance of counsel claims at issue to be considered timely. This calculation is based on the following time line. Petitioner's state habeas petition was filed on July 3, 2003, and denied on April 20, 2004. He filed a notice of appeal and an application for a certificate of probable cause to appeal to the Georgia Supreme Court on May 20, 2004. The Georgia Supreme Court denied Petitioner's application of probable cause for appeal on January 11, 2005. The current federal action was filed on July 12, 2005.

6

know the facts underlying his or her claim" does not pass the due diligence test. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997) (interpreting due diligence in the 28 U.S.C. § 2244(b)(1)(B)(i) context regarding the filing of successive petitions). Petitioner must "show some good reason" why the facts could not have been discovered through the exercise of due diligence. Id.

At the outset, it is clear that Petitioner's claim that trial counsel was ineffective because he advised Petitioner he would not get more than ten (10) years in prison is time barred. The factual predicate upon which this claim is based was readily apparent on March 4, 2002, the date Petitioner was sentenced to two consecutive twenty (20) year sentences. Thus, this claim provides no basis for relief.

As to the remaining claims, as stated above, the burden is on Petitioner to persuade the Court that he has exercised due diligence, Stokes, 36 Fed. Appx. at 804; Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001), and he must set forth reasons why the factual predicate could not have been previously discovered through the exercise of due diligence. See In re Boshears, 110 F.3d at 1540. The bare allegation that Petitioner could not have discovered the factual predicate underlying his claims until an attorney was hired for him after his state habeas petition was filed and the attorney took the deposition of trial counsel fails to satisfy Petitioner's burden of proving due diligence. There is no right to legal counsel in collateral proceedings, Hooks v. Wainwright, 775 F.2d 1433, 1437-38 (11th Cir. 1985), and allowing Petitioner to delay the running of the AEDPA clock merely because he did not have an attorney pursuing his case would render the statute of limitations meaningless. Moreover, the AEDPA statute of limitations expired before Petitioner's state habeas petition was filed.

There is no basis for extending an already expired deadline simply because Petitioner's family decided to hire an attorney to pursue state habeas relief after the window for filing in federal court had expired. Petitioner's filing was untimely, and the Court cannot excuse this delay simply because he failed to investigate and discover the predicate facts sooner.

Petitioner claims that it was not until his attorney sent him the deposition transcript that he discovered the facts underlying his claims. (Doc. no. 1, Attach. 1, p. 17). Petitioner does not, however, state that anything was impeding the discovery of the factual predicates for his ineffective assistance claims within the time during which his AEDPA clock was running prior to the filing of his state habeas petition, nor can the Court discern any such impediment. In conclusion, Petitioner has failed to set forth any facts demonstrating diligent progress toward the discovery of the factual predicate underlying his claims or that, despite his best efforts, he was not able file within the statutory time period. Therefore, § 2244(d)(1)(D) is unavailable to Petitioner, and his ineffective assistance of counsel claims are time barred.

C. **Equitable Tolling**

Section 2244 "'is a statute of limitations [and] not a jurisdictional bar,' which 'permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), *modified in part on other grounds*, 459 F.3d 1310 (11th Cir. 2006) (quoting Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)). Nonetheless, equitable tolling is typically applied sparingly, Steed, 219 F.3d at 1300, and is available "only in truly extraordinary circumstances." Johnson v. United States, 340

F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur, 452 F.3d at 1252 (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005)) (citation omitted).

Instructive cases outside of the AEDPA context have held that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" do not to justify tolling. See Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991). Courts have applied a similarly exacting standard when faced with tolling arguments in the AEDPA context. For example, tolling was not considered appropriate even though a petitioner was confined in a psychiatric ward, medicated, separated from his glasses rendering him legally blind, and denied meaningful access to legal materials. Fisher, 174 F.3d at 715. In Neuendorf v. Graves, 110 F. Supp. 2d 1144, 1155 (N.D. Iowa 2000), the court held that several months of prison-wide lockdowns did not prevent discovery of the necessary facts in time to file a timely petition for federal habeas relief. Furthermore, in Drew v. Department of Corrections, 297 F.3d 1278 (11th Cir. 2002), equitable tolling was inapplicable because the petitioner, even though the notice of decision was improperly delayed, made only one attempt to contact the clerk's office to ascertain the status of his initial petition a full sixteen (16) months after his initial petition was filed. Cf. Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (lengthy delay between the issuance of a necessary order might provide basis for equitable tolling if the petitioner diligently attempted to ascertain the status of that order). As the foregoing cases

illustrate, the equitable tolling standard is a high hurdle.

As stated above, Petitioner has failed to set forth any facts demonstrating diligent progress toward the discovery of the factual predicate underlying his claims. Furthermore, Petitioner has not stated that he was unable to file within the statutory time period because of extraordinary circumstances outside of his control. Therefore, equitable tolling is unavailable to Petitioner, and his ineffective assistance of counsel claims are time barred.

### III. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss (doc. no. 10) be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 26th day of October, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE