UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
SO. DIST. DIV.

2007 MAR -6  AM 10: 14

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| DENNIS GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV 305-113 |
| | ) | |
| STEPHEN BENTON, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Respondent's Motion to Dismiss Petition as Untimely (Doc. 10). Petitioner, a state prisoner confined in Central State Prison in Macon, Georgia, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 and paid the filing fee on July 29, 2005. The Petitioner endeavors to attack his conviction and sentence entered by the Superior Court of Johnson County. He argues that his guilty plea was not entered knowingly and voluntarily and that he received ineffective assistance of counsel.

On March 13, 2006, this Court held that Petitioner's claim with respect to his guilty plea was untimely under 28 U.S.C. §2244(d)(1)(A). (Doc. 6.) However, with respect to Petitioner's claim that he received ineffective assistance of counsel, this Court held that "Petitioner has stated facts sufficient to overcome dismissal under Rule 4." Id. at 7. Strictly for purposes of

reviewing Petitioner's claims under Rule 4,[1] this Court found that Petitioner's ineffective assistance of counsel claim was timely. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (stating that "when a federal habeas court, acting *sua sponte* dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely"). We now review the timeliness of Petitioner's ineffective assistance of counsel claim in light of Respondent's Motion to Dismiss (Doc. 10). Petitioner submitted his input on the issue in the form of Petitioner's Reply to Answer-Response (Doc. 13) and Petitioner's Objection to Magistrate's Report and Recommendations (Doc. 18).

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendations. Petitioner has not persuaded the Court that the factual predicate underlying his ineffective assistance claims could not have been previously discovered through the exercise of due diligence. As such, Petitioner cannot take advantage of 28 U.S.C. § 2244(d)(1)(D), and his claims are time barred. Moreover, the Court cannot discern any extraordinary circumstance that would justify tolling the statute of limitations. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's motion to dismiss is **GRANTED**, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

---

[1] Rule 4 provides in part that ""[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, 28 U.S.C.A foll. § 2254.

SO ORDERED.

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Date: March _5_, 2007